V.D.B. PACIFIC B.V. and JeGeCLa
B.V., Plaintiffs,

v.

Margie CHASSMAN, Defendant.

No. 09 Civ. 8081(VM).

United States District Court,
S.D. New York.

March 31, 2010.

Michael Mantell, Michael Mantell, Esq.,
New York, NY, for Plaintiffs.

Stanley K. Shapiro, The Law Offices of
Stanley K. Shapiro, New York, NY, for
Defendant.

*DECISION AND ORDER*

VICTOR MARRERO, District Judge.

## I. DECISION

Plaintiffs V.D.B. Pacific B.V. and Je-GeCla B.V. ("Plaintiffs") filed a complaint, dated September 22, 2009 (the "Complaint"), asserting what Plaintiffs have described as two causes of action for breach of contract. At the initial conference with the parties on January 15, 2010 and the subsequent conference on February 9, 2010, the Court considered the objections and contemplated motion to dismiss raised by defendant Margie Chassman ("Chassman") on the ground that the breach of contract claims Plaintiffs asserted were not supported by the document Plaintiffs rely upon as the purported agreement be-

---

tween the parties. Upon review of the Complaint and the materials referenced or incorporated in it, the Court was persuaded that Plaintiffs' breach of contract claims as originally stated were deficient insofar as Plaintiffs could not identify an integrated, executed document containing the material terms of the parties' alleged agreement upon which Plaintiff's breach of contract claims were grounded. The Court then directed Plaintiffs to state in writing how they would address these deficiencies and to submit a complete copy of the agreement underlying their claims. In response, Plaintiffs submitted a letter to the Court dated March 3, 2010 that included a Proposed Amended Complaint. By subsequent letters dated March 9, 2010 and March 29, 2010 Plaintiffs argue that the Proposed Amended Complaint cures the defects in the Complaint identified by Chassman and the Court. By letter dated March 23, 2010, Chassman renewed her objections, arguing that the Proposed Amended Complaint has not corrected the flaws Chassman had raised.

. The Court is persuaded that Plaintiffs have failed to allege facts sufficient to state a claim for a breach of contract, to the extent they fail to sufficiently identify the legally enforceable contract upon which their claims rest. On this basis, the Court finds that the Proposed Amended Complaint does not cure the breach of contract deficiency found in the Complaint. Given the absence of an identifiable contract, the Court regards as implausible Plaintiffs' argument that a legally enforceable agreement existed due to "mutual mistake." The only claims against Chassman in the Proposed Amended Complaint that are sufficient to survive at the pleading stage are those for unjust enrichment, which, while stated in very general terms, would appear, at this stage, to satisfy the notice pleading standards embodied in Federal Rule of Civil Procedure 8(a). Accordingly, the Court dismisses the Com-

plaint without prejudice and denies leave to file the Proposed Amended Complaint insofar as it states breach of contract claims not properly supported by reference to an identified agreement.

The Court expresses no view as to the claims asserted against Mordechai Jofen ("Jofen") in the Proposed Amended Complaint. Jofen is not a party before this Court at this time because no pleading has been filed against him. Nor has he been served with the Proposed Amended Complaint. The Court does note, however, that any breach of contract claim against Jofen grounded on the same agreement underlying the parallel claims against Chassman presumably would raise the same deficiencies.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that complaint (Docket No. 1) filed by Plaintiffs V.D.B. Pacific B.V. and JeGeCla B.V. ("Plaintiffs") is dismissed without prejudice; and it is further

**ORDERED** that leave to file Plaintiffs' Proposed Amended Complaint (Docket No. 7) in its current form is denied without prejudice; and it is further

**ORDERED** that Plaintiffs are hereby granted leave to file, by April 15, 2010, an amended complaint consistent with this Decision and Order.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**